**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH STANLEY DURAN III, | No. 15-16482 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00094-JAM-GGH |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 13, 2018[**]
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,[***] District Judge.

Joseph Stanley Duran appeals the district court's denial of his habeas

petition under 28 U.S.C. § 2254. This court granted a certificate of appealability

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

on whether Duran's trial counsel rendered ineffective assistance by failing to object to alleged hearsay testimony.  We have jurisdiction under 28 U.S.C. § 2253.  We review the district court's judgment de novo, *see Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014), and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Duran must demonstrate that the state court's denial of his ineffective assistance of counsel claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).  To establish ineffective assistance of counsel a petitioner must show both that his counsel's performance was deficient and that the deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We need not assess the alleged deficiencies of counsel's performance, however, when it is clear that a petitioner cannot show the requisite prejudice.  *Id.* at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 n.3 (9th Cir. 1995).

Even assuming Duran's trial counsel was deficient, the state court's determination that there was no reasonable probability of a different outcome was not an unreasonable application of *Strickland*'s prejudice prong.  In rejecting Duran's claim that his counsel was ineffective when he failed to object to hearsay testimony, the state appellate court concluded that record evidence confirming

2

Duran's presence in the van during the shooting made it "inconceivable" that his trial counsel's failure to object was prejudicial.

The state court's conclusion was not an unreasonable application of *Strickland*. Counsel raised no objection when Maria Montano testified that right before shots were fired at her car, a bystander named Kevin Davis stated, "[t]here goes Joe [Duran] right there" as a van drove by. On cross-examination, however, Davis testified that he could not see anyone in the van. Two other witnesses, Tereaun and Tecora Berry, testified that Duran was in the van with them on the night of the shooting. Additionally, Sontoya Hawkins stated that someone called "Joe" was seated in the front seat of the van. In light of the evidence placing Duran in the van, the state court's conclusion that prejudice was lacking was not an unreasonable application of *Strickland.*

**AFFIRMED.**